GUILFORD COUNTY, BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT OFFICE, EX REL. CHRISTIE G. GRAY, PLAINTIFF-APPELLANT v. KENNETH L. SHEPHERD, DEFENDANT-APPELLEE

No. COA99-583

(Filed 6 June 2000)

**Child Support, Custody, and Visitation— support—wage withholding—current and past-due amounts**

     The trial court erred by directing that child support payments received through wage withholding be prorated between an order for current support and one for past-due support where the amounts withheld had not been sufficient to fully pay the amounts due under both orders. Priority must be given to the order for current support under the clear legislative mandate of N.C.G.S. § 110-136.7.

     Appeal by plaintiff from an order entered 12 March 1999 by Judge Susan E. Bray in Guilford County District Court. Heard in the Court of Appeals 9 May 2000.

     *Guilford County Attorney's Office, by J. Edwin Pons and Angela F. Liverman for plaintiff appellant.*

     *No brief for defendant appellee.*

HORTON, Judge.

     On 19 March 1997, Kenneth L. Shepherd (defendant) was ordered in this case (96 CVD 5163) to pay $157.00 each two weeks as current support for his two minor children. On 25 February 1999, defendant appeared before the district court pursuant to an order to show cause. The trial court found at that hearing that defendant was employed and was paying child support through wage withholding, but that defendant had a total arrears of $6,521.36 as of the date of hearing. The trial court also found that defendant was ordered in another case (85 CVD 5839) to pay the sum of $278.40 per month

towards a total child support arrearage of $11,553.83, and was also paying under wage withholding in that case. Because the amounts withheld from defendant's pay had not been sufficient to fully pay the amounts due under both orders, most of the payments received from defendant's employer have been credited to current support. The trial court felt that that was "not fair to the arrears only case," and ordered that "all payments received shall be prorated and distributed as they are paid between this case [96 CVD 5163] and the Defendant's other case (85 CVD 5839). The Order to Show Cause is continued to May 25, 1999 to confirm that the payments are being prorated." Plaintiff appeals from the order directing that payments made by defendant be prorated, and we reverse the order of the trial court.

N.C. Gen. Stat. § 110-136.7 (1999) provides that

[w]hen an obligor is subject to more than one withholding for child support, withholding for current child support shall have priority over past-due support.

The order of the trial court, while well-intentioned, violates the express terms of the statute, as the order in 96 CVD 5163 is one for current support, and the order in 85 CVD 5839 requires payments only towards past-due support. The trial court erred in directing that payments received through wage withholding be prorated. Priority must be given to the order for current support under the clear legislative mandate.

The order of the trial court is reversed, and the case remanded for entry of an order consistent with the provisions of N.C. Gen. Stat. § 110-136.7.

Reversed and remanded.

Judges GREENE and TIMMONS-GOODSON concur.